## Register Gazette Co. v. W. I. Larash et al.

1. PLEADING—*Extent of Recoupment Under General Issue.*—Under the general issue, damages may be recouped only to the extent of the plaintiff's demand.

2. SAME—*Matters of Set-off Inadmissible Under Plea Alleging No Damages.*—Under a plea averring a breach of warranties, but alleging no damages in consequence or resulting therefrom, matters of set-off are inadmissible.

3. PRACTICE—*Allegations and Proof Must Correspond.*—Allegation and proof must correspond. Allegation without proof is unavailing and proof without allegation is equally unavailing.

4. SAME—*Proper Manner of Making Amendments to Pleadings.*—Amendments to pleadings must be made by leave of court and before judgment is rendered.

Assumpsit.—Error to the Circuit Court of Schuyler County; the Hon. THOMAS N. MEHAN, Judge, presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed August 28, 1903.

L. A. JARMAN and R. K. WELSH, attorneys for plaintiff in error.

D. L. MOURNING and D. H. GLASS, attorneys for defendants in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This was an action of assumpsit to recover $600, balance of the contract price for the sale of a printing press. The defendant pleaded the general issue and set-off. The jury was waived and the cause tried by the court. The trial resulted in a finding and judgment for the defendant and

Register Gazette Co. v. Larash.

against the plaintiff upon the plea of set-off for $700.   The
plaintiff appeals.

The defendant pleaded the general issue, upon which
issue was joined, and two special pleas to which a demurrer
was sustained.   The defendant then filed an amended plea
which set out certain warranties of the press and averred a
breach of the same, but did not allege any damages in con-
sequence, or resulting therefrom, to which plea plaintiff
filed a replication.   The plea was equivalent to nothing
more than the general issue, under which damages could be
recouped only to the extent of the plaintiff's demand.
Under this plea there could be no recovery in set-off.   The
defendant also pleaded the common counts in set-off to the
extent of $1,000.   The plaintiff joined issue on the plea of set
off.   Such was the state of the pleadings at the time of the
trial and until after the close of the term of court at which
judgment was rendered.   We do not determine whether
the evidence would warrant the finding of the trial court
if the record contained pleadings to sustain it.   Allegation
and proof must correspond.   Allegation without proof is
unavailing, and proof without allegation is equally unavail-
ing.   It is unnecessary to review the evidence upon which
the trial court reached the conclusion that the defendant
should recover $700 from the plaintiff.   None of it tended
to sustain the plea of set-off contained in the common counts
so pleaded.   The defendant recognized this fact and in
order to have a plea of set-off to correspond with the proof,
after the rendition of the judgment and after the term of
court had closed, without application or leave, wrote the
following in, and as an addition to, the plea of set-off. pre-
viously filed :

"And in the like sum for money paid out by the defend-
ants for part purchase price of press and folder, and for
money paid out for labor, insurance, freight and repairs on
the press and folder and due from the plaintiff to the
defendants on account of the breach of warranty by the
plaintiff in the contract as set out in the first and second
counts of the plaintiff's declaration."

This was manifestly improper.   The statute prescribes

the only time and manner of making amendments. They must be made by leave of court and before judgment is rendered. The attempted insertion of this amendment in the manner above stated is unavailing, and the action of counsel is a nullity. For the reason that the record contains no plea to sustain the judgment of set-off rendered against the plaintiff, and as a reminder to counsel that it will be more availing to comply with the statute in amending pleadings, the judgment of the Circuit Court will be reversed and the cause remanded.