(No. 14622.—Decree affirmed; cause remanded.)

Mary Ridgely Vincent, Appellee, *vs.* James W. McElvain, Appellant.

*Opinion filed June 21, 1922—Rehearing denied October 6, 1922.*

1. Jurisdiction—*when suit may be said to have commenced.* Where the court is one of general jurisdiction it acquires jurisdiction of the plaintiff and the plaintiff's cause when he applies for its power and assistance to compel the defendant to render the plaintiff his rights under the law, and the suit may be said to have commenced even before the court has acquired jurisdiction of the defendant.

2. Same—*when circuit court acquires jurisdiction of appeal in proceeding for probate.* The circuit court acquires jurisdiction of an appeal from an order denying probate when the executor has perfected his appeal by filing his bond and the transcript of the record in the circuit court.

3. Appeals and errors—*appellant may dismiss appeal though court has not acquired jurisdiction of appellee—minors.* An appellant who has perfected his appeal has a right to dismiss it although the transcript was not filed in time for the case to stand for hearing at that term and although the court has not acquired jurisdiction of the appellee, and the appellee cannot object to such dismissal even though he be an infant or under some other legal disability.

4. Specific performance—*when failure to pay taxes and tender abstract will not defeat specific performance.* Failure of a vendor to pay taxes prior to a certain date and to tender an abstract of the title will not defeat his suit for specific performance where the vendee had previously refused to complete the purchase on other grounds and where the taxes are paid before filing the bill, as the vendor is only required to be ready, able and willing to pay the taxes due and to bring the abstract down to the date of the deed, and after the vendee has refused to comply with the contract the vendor need not tender a deed.

5. Same—*when vendee waives ground of objections to performance of contract.* Where a vendee announces his intention not to comply with a contract for the purchase of real estate on the ground that the title is objectionable for want of jurisdiction in a certain probate proceeding, he waives the right to set up other objections in his answer to the bill filed against him by the vendor and to base his refusal on the vendor's failure to pay taxes prior to a certain date and to tender an abstract.

6. SAME—*when decree may create lien against property of a
vendee to secure compliance with decree.*  Under section 45 of the
Chancery act a decree requiring a vendee to complete his contract
of purchase by making part payment, with interest, and executing
and delivering promissory notes for the balance in accordance with
the contract, may create a lien against other property of the vendee
until he executes and delivers the notes.

APPEAL from the Circuit Court of Sangamon county;
the Hon. FRANK W. BURTON, Judge, presiding.

GEORGE M. MORGAN, and ROBERT H. PATTON, for
appellant.

BROWN, HAY & STEPHENS, and PATTON & PATTON,
(STUART BROWN, and WILLIAM L. PATTON, of counsel,)
for appellee.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of
the court:

On August 28, 1920, appellee, Mary Ridgely Vincent,
agreed to sell, and appellant, James W. McElvain, agreed
to buy, "her lands in sections 16 and 17, Auburn town-
ship, Sangamon county, Illinois, commonly called the Barr
farm." The agreed price was $100,000, to be paid $5000
September 25, 1920, $45,000 March 1, 1921, and the re-
maining $50,000 by two notes. Appellee agreed to furnish
an abstract showing "good title in her" and to pay the taxes
for the year 1920. Possession of the farm was to be given
March 1, 1921. The $5000 payment was made and an ab-
stract of title was furnished in November, certifying the
condition of the title to November 23, 1920. February 28,
1921, appellant notified appellee that he could not accept
the title, and he later refused to complete the purchase and
demanded the return of the $5000 theretofore paid. There-
upon, on April 15, 1921, appellee filed her bill in the cir-
cuit court of Sangamon county offering to perform the

304—11

contract on her part and praying for specific performance against appellant. The latter filed his answer denying the ability of appellee to perform, and filed a cross-bill asking for the re-payment of the $5000. Appellee answered the cross-bill and filed a general replication to appellant's answer to the original bill. The facts were stipulated and the cause was submitted to the chancellor for decision. A decree was entered granting the prayer of the original bill. The decree further gave appellee a lien against all the real estate of appellant in Sangamon county to secure the performance by appellant of the acts and obligations fixed and declared by the decree and for the costs. From this decree this appeal was prayed and perfected.

The principal objection to the title to the property in question, and the only objection urged by appellant when he refused to perform the contract, is based on certain proceedings with respect to the probate of the will of appellee's father. Charles Ridgely died August 11, 1910, seized in fee simple of a large quantity of real estate in Sangamon county, including the lands in question. He left him surviving his widow, four children, including appellee, and several grandchildren. At the August term there was filed for probate in the probate court of Sangamon county a writing purporting to be the last will and testament of Charles Ridgely. This will by its terms gave all of his real estate to three trustees, in trust for the use of his widow during her life and at her death to be sold and divided among his heirs then living. A guardian *ad litem* was appointed for the infant heirs, a hearing was had, and on November 16, 1910, the probate of the will was denied. From this order one of the trustees and executors appealed to the circuit court and his appeal bond was filed and approved. January 2, 1911, the January term of the circuit court convened. January 19 a transcript of the record was filed in the circuit court and the appeal was dismissed by agreement. April 9, 1912, an order was entered in the

probate court declaring the estate of Charles Ridgely settled and discharging the administrators.

It is contended by appellant that the circuit court did not have jurisdiction of the subject matter or of the parties to the appeal at the January term, for the reason that the transcript was not filed ten days before the first day of the term, and that the court therefore had no authority to enter the order of dismissal. It is well established by repeated decisions of this and other courts that a suit or action is commenced when a party puts in motion, under his claim, the instruments of the court. Where the court is one of general jurisdiction it acquires jurisdiction of the plaintiff and the plaintiff's cause when he applies for its power and assistance to compel the defendant to render him his rights under the law. We know of no authority which holds that a suit is not commenced until the court gets jurisdiction of the defendant. (*Schroeder* v. *Merchants and Mechanics Ins. Co.* 104 Ill. 71.) The same reasoning applies to the question here presented. When the executor filed his bond and the transcript of record in the circuit court and thereby perfected his appeal, the circuit court thereafter had jurisdiction of the appellant and the subject matter. No right is more clearly established than that of an appellant to dismiss his appeal, and this right cannot be denied him even though the appellee protest. (*Bacon* v. *Lawrence,* 26 Ill. 53; *In the matter of Storey,* 120 id. 244; *Maplewood Coal Co.* v. *Phillips,* 206 id. 451; *Roby* v. *South Park Comrs.* 215 id. 200; *Hitchcock* v. *Green,* 235 id. 298.) We have never understood that jurisdiction of the person of a defendant is necessary in order to allow a dismissal of a suit filed against him. The motion is to dismiss, not the defendant, of whom the court may not have jurisdiction, but the suit or proceeding of which it has; and the rule is not changed where the defendant or appellee is an infant or is under some other legal disability. The appellant has full control of his ap-

peal and can dismiss it when he pleases. *Vallens* v. *Hop-*
*kins,* 157 Ill. 267, and other similar cases upon which ap-
pellant relies, are not in point. Those cases merely hold
that where an appeal is taken from a decision of a justice
of the peace the appeal must be perfected ten days before
a term of court in order for it to stand for trial at that
term. This is far from holding that the appellant cannot
dismiss his appeal at a term at which the cause does not
stand for trial.

In his answer in the circuit court and in his brief in this
court appellant now urges three additional reasons for re-
fusing to perform the contract, namely, the insufficient de-
scription of the lands, the failure to pay the taxes for the
year 1920 before March 1, 1921, and the failure to tender
an abstract showing the state of the title down to March 1,
1921. There is no merit in any of these objections. The
description of the lands was sufficient under the authorities,
(*Guyer* v. *Warren,* 175 Ill. 328; *Stevenson* v. *Stevenson,*
285 id. 486;) and appellant had refused to complete the
purchase before March 1, 1921, and so all that was neces-
sary for appellee to do in respect to the taxes and the ab-
stract was to be ready, able and willing to pay the taxes
due and to continue the abstract of title down to the date
of the deed. The taxes were, in fact, paid before the bill
was filed, and there was certainly no reason for appellee
to furnish a continuation of the abstract after appellant had
refused to perform for alleged defects appearing in the title,
as evidenced by the abstract already furnished. (See *Evans*
v. *Gerry,* 174 Ill. 595.) After appellant had announced
his intention not to comply with the contract it was not
necessary for appellee to tender a deed and a continuation
of the abstract after the taxes had, in fact, been paid. (*Ly-*
*man* v. *Gedney,* 114 Ill. 388; *Watson* v. *White,* 152 id.
364.) Furthermore, it is not necessary to give attention
to the last three objections to the title in order to reach a
correct decision in this case, for the reason that appellant

based his refusal to perform the contract on the first ground considered and he thereby waived the other grounds. *Gibson* v. *Brown,* 214 Ill. 330; *Miller* v. *Gordon,* 296 id. 346.

Appellant also objects to the form of the decree entered, for the reason that it creates a lien against other property of appellant to secure the performance of this contract. Section 45 of the Chancery act furnishes the authority for this decree. It provides: "Whenever, by any decree, any party to a suit in equity shall be required to perform any act other than the payment of money, * * * the court may, in such decree, order that the same shall be a lien upon the real or personal estate, or both, of such party until such decree shall be fully complied with." (*Kirby* v. *Runals,* 140 Ill. 289.) In addition to requiring that appellant pay to appellee $45,000, with interest, the decree ordered appellant to execute and deliver to appellee two promissory notes for $25,000 each, dated March 1, 1921, bearing interest at six per cent per annum, payable annually, one due March 1, 1922, and one due March 1, 1923, and each secured by a vendor's lien. This brings the decree within the provisions of the statute. After the appellant complies with the decree by making and delivering the two notes in accordance with the decree, the lien on other lands of appellant will be thereby discharged and released. As we have said, the appellee must furnish an abstract of title showing title in her in fee simple when the deed is delivered.

The chancellor properly held that the contract should be specifically performed, and the decree in that respect is affirmed. The cause must, however, be remanded to the circuit court so that the chancellor may see that the contract is fully performed by both parties. Appellant will pay four-fifths of the costs of this appeal and appellee one-fifth.

*Decree affirmed; cause remanded.*