BRENDA ALLEN, Indiv. and as Adm'x of the Estate of Hugh Allen, *et al.*, Plaintiffs-Appellants, v. ARCHER DANIELS MIDLAND COMPANY *et al.*, Defendants (Westinghouse Electric Corporation, Defendant-Appellee).

Fourth District   No. 4—84—0263

Opinion filed January 7, 1985.

Bennett, Willoughby & Latshaw, P.C., and Fuller, Hopp, Barr, McCarthy & Quigg, P.C., both of Decatur (Stephen O. Willoughby and Kitty M. McCarthy, of counsel), for appellants.

Heyl, Royster, Voelker & Allen, of Springfield (Frederick P. Velde, of counsel), for appellee.

JUSTICE TRAPP delivered the opinion of the court:

The plaintiffs appeal from an order of the circuit court of Macon County dismissing their complaint as to defendant Westinghouse Electric Corporation (Westinghouse). The circuit court found that plaintiffs had failed properly to add Westinghouse as an additional defendant prior to the expiration of the applicable statute of limitations period.

On January 23, 1981, the plaintiffs' decedent was electrocuted while working on a construction project. Plaintiffs originally brought their action for damages against defendant Archer Daniels Midland (ADM). After participating in discovery with ADM, the plaintiffs determined to amend their complaint for the second time in order to add additional counts and parties. Plaintiffs filed their second amended complaint listing Westinghouse as an additional party defendant on January 21, 1983. It is undisputed that the applicable statute of limitations period expired on January 24, 1983 (as January 23, 1983, was a Sunday). The record indicates that plaintiffs filed a motion for leave to file additional counts and parties on January 25, 1983; however, the court did not grant plaintiffs leave to file the second amended complaint.

Westinghouse subsequently filed its motion to dismiss the second

amended complaint's counts XIII through XVIII. The motion alleged that the second amended complaint filed on January 21, 1983, was a nullity since it was filed without leave of the court. The motion also alleged that plaintiffs' motion for leave to add additional counts and parties, filed on January 25, 1983, was barred by the statute of limitations. In its order dated February 3, 1984, the circuit court allowed Westinghouse's motion to dismiss and ordered the cause stricken with respect to Westinghouse. Plaintiffs filed a motion for reconsideration on February 7, 1984, which was denied in the court's amended order of March 14, 1984. In that order the court found, pursuant to Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)), that there was no reason to delay an appeal. Plaintiffs then filed a second motion for reconsideration, which was denied on March 26, 1984. Plaintiffs' timely notice of appeal was filed on April 11, 1984.

On appeal, plaintiffs argue that the filing of a motion for leave to amend a complaint to add additional parties stops the running of the statute of limitations. Plaintiffs allege that they filed such a motion on January 21, 1983, before the limitations period had expired. Westinghouse responds that such a motion does not stop the running of the limitations period. It contends that the limitations period continues to run until leave to amend is granted by the court.

We need not decide the issue as framed by the parties because we find that plaintiffs' motion for leave to file additional counts and add additional parties was not filed until January 25, 1983, after the limitations period had expired. This fact disposes of the plaintiffs' contention.

■ In their brief on appeal, plaintiffs, without once citing to the record, allege that their motion for leave to add additional parties was filed on January 21, 1983. However, the record clearly indicates that the motion was filed on January 25, 1983. The motion itself was stamped by the circuit clerk as filed on January 25, 1983. Furthermore, the docket sheet entry confirms that the motion was filed on January 25, 1983. Such a record, once made up, remains conclusive upon all parties until altered or set aside by a court of competent jurisdiction. (*Kemper v. Town of Waverly* (1876), 81 Ill. 278; *Dillman v. Nadelhoffer* (1887), 23 Ill. App. 168.) The present record has not been altered by a court of competent jurisdiction.

■ In their brief plaintiffs state, again without citation to the record, that affidavits were presented to the court indicating that the second amended complaint, as well as the motion for leave to add parties, had been filed on January 21, 1983. Our search of the record has turned up one such affidavit filed on December 29, 1983. In that affi-

davit plaintiffs' attorney stated that the second amended complaint and the motion for leave were both "presented" to the circuit clerk of Macon County on January 21, 1983. Plaintiffs' attorney then sought to locate a circuit judge but was unable to find one. After consultation with co-counsel, plaintiffs' attorney determined to "file" the second amended complaint that day. No mention is made of the motion for leave. Plaintiffs' attorney also stated that the docket sheet entry regarding the date that the second amended complaint was filed was in error; however, she made no mention of the docket entry for the motion for leave. Therefore, no affidavit supports plaintiffs' contention that their motion for leave was filed on January 21, 1983. At any rate, a mere affidavit by plaintiffs' attorney would not be sufficient to alter the unambiguous record. (*Kemper v. Town of Waverly* (1876), 81 Ill. 278; *Dillman v. Nadelhoffer* (1887), 23 Ill. App. 168.) The plaintiffs, as appellants, had the responsibility to present a sufficient record on review. (*People v. Edwards* (1978), 74 Ill. 2d 1, 383 N.E.2d 944.) On the basis of the record presented, plaintiffs' contention must fail.

■ Furthermore, unless reference is made to the record concerning matters supporting a reversal, such alleged errors need not be considered. (*Farwell Construction Co. v. Ticktin* (1980), 84 Ill. App. 3d 791, 405 N.E.2d 1051.) The failure to make reference to the record in an appellate brief is a violation of the requirements of Supreme Court Rule 341(e)(7) (87 Ill. 2d R. 341(e)(7)).

■ Therefore, we hold that the circuit court did not err in allowing Westinghouse's motion to dismiss. It is undisputed that an amended complaint, adding additional parties, filed without leave of the court is a nullity. (*Torley v. Foster G. McGaw Hospital* (1983), 116 Ill. App. 3d 19, 452 N.E.2d 7; *Petrella v. Leisky* (1981), 92 Ill. App. 3d 880, 417 N.E.2d 134.) As a result, plaintiffs' second amended complaint filed without leave of the court on January 21, 1983, had no effect. Since the statute of limitations expired on January 24, 1983 (before plaintiffs filed their motion for leave to add additional parties), the plaintiffs were barred from adding Westinghouse as a party defendant.

■ Plaintiffs also argue that Westinghouse had no standing to object to plaintiffs' failure properly to add it as a defendant. However, section 2—619(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(b)) expressly allows Westinghouse's motion for dismissal.

■ Plaintiffs finally argue that the circuit court implicitly granted leave to add additional parties within the statutory period by allowing

a docket entry that stated plaintiffs' second amended complaint was "on file." This argument is without merit. As stated in section 2—407 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—407), leave to amend a complaint is not granted until a court order is obtained. *Torley v. Foster G. McGaw Hospital* (1983), 116 Ill. App. 3d 19, 452 N.E.2d 7; *Petrella v. Laisky* (1981), 92 Ill. App. 3d 880, 417 N.E.2d 134.

For all of the foregoing reasons, the judgment of the circuit court of Macon County is affirmed.

Affirmed.

GREEN, P.J., and MILLS, J., concur.