FIRST ROBINSON SAVINGS AND LOAN, Plaintiff-Appellee, v. LEDO CONSTRUCTION COMPANY, INC., *et al.*, Defendants and Third-Party Plaintiffs-Appellants (John Battershell, d/b/a Battershell and Associates Architects, Inc., Third-Party Defendant-Appellee).

Fifth District   No. 5—90—0031

Opinion filed March 25, 1991.

Massey, Anderson & Gibson, of Paris (Richard L. James, of counsel), for appellants.

D. Cameron Dobbins, of Dobbins, Fraker, Tennant, Joy & Perlstein, P.C., of Champaign, for appellee John Battershell.

JUSTICE HOWERTON delivered the opinion of the court:

The issue in this case is whether defendant, Ledo Construction Company, Inc., properly filed its "counterclaim" against third-party defendant so that it relates back to a previously filed third-party complaint, thereby avoiding the statute of limitations.

We hold that defendant did not properly file its counterclaim, because it was filed *ex parte* and without leave of court first having been obtained. Therefore, the counterclaim is a nullity and cannot relate back to the previously filed third-party complaint. Accordingly, defendant's claim against third-party defendant is barred by the statute of limitations. Because we find that defendant improperly filed its pleadings, we do not reach the related question of whether a counterclaim can relate back to a third-party complaint.

Plaintiff, First Robinson Savings & Loan, in a suit for declaratory judgment, asked the circuit court to declare that its construction contract with defendant, Ledo Construction Company, Inc., was not subject to arbitration. Defendant answered and counterclaimed against plaintiff.

Nearly two years later, defendant sought leave of court to add John Battershell, the architect, as a third-party defendant in the declaratory judgment action. The circuit court granted defendant's motion to file a third-party complaint against Battershell. Defendant filed the third-party complaint April 22, 1988, against Battershell, and Battershell moved for dismissal. On August 29, 1988, the circuit court granted Battershell's motion to dismiss, writing on the court minutes, "Counsel for third-party plaintiff to file 'amended third-party complaint' within ten days." The defendant failed to file this amended complaint within that period.

Six months later, on February 22, 1989, the circuit court, in an *ex parte* order, granted defendant "leave to file a 'late amended third-party complaint' due to the same having been filed previously in 85—L—34, subject to right to object." (Case No. 85—L—34 was another case between First Robinson Savings & Loan and Ledo Construction Co., Inc. In 85—L—34, defendant filed a counterclaim against John Battershell, again without leave of court.) Thereafter, in the case at bar, the circuit court corrected its docket entry of February 22, set out above, by changing the words "Third-Party Complaint" to "Third Amended Counterclaim," giving counsel 10 days to file.

Over one month later, on March 28, 1989, defendant filed his counterclaim, which was substantially the same as his original third-party complaint. In the meantime the statute of limitations expired.

Battershell moved to dismiss the counterclaim. The circuit court held that the counterclaim was unrelated to the original complaint, which sought a declaration of whether the contract was subject to arbitration; therefore, the counterclaim did not arise out of the same transaction as originally pleaded between plaintiff and defendant. (See Ill. Rev. Stat. 1989, ch. 110, par. 2—608; *Zeh v. Wheeler* (1986), 111 Ill. 2d 266, 489 N.E.2d 1342.) We need not consider this issue, because we affirm as to other issues the court considered, which are dispositive of this appeal, namely: (1) whether defendant properly filed the March 28, 1989, counterclaim within the statute of limitations; and (2) whether the March 28, 1989, counterclaim related back to the third-party claim filed on April 22, 1988. These issues are dispositive, because if we find, as we do, that the amended pleading is a nullity, we have no occasion to determine whether the counterclaim arose out of the same transaction originally pleaded under the standards announced in *Zeh*. The circuit court ruled that the *ex parte* order of February 22, 1989, which allowed defendant to file a counterclaim, was void, and the counterclaim, therefore, was a nullity. In consequence, the counterclaim could not relate back. Defendant appeals from this order.

At the outset, we note that the case at bar was one of four pending cases consolidated for purposes of discovery, pretrial motions and trial. The circuit court, however, kept separate docket sheets and case numbers for each pending case.

■■ A court may consolidate actions for its convenience in the absence of prejudice to a substantial right. Where several actions involve a general inquiry into the same event, the actions may be tried together; however, separate docket entries, verdicts, and judgments should be maintained, and the consolidation should be limited to a joint trial. (*Vitale v. Dorgan* (1975), 25 Ill. App. 3d 941, 323 N.E.2d 616.) Here, the cases were consolidated for trial only for convenience and economy, and the consolidation did not merge the causes into a single suit, which would have changed the rights of the parties and made those who were parties in one suit parties in another. (*Shannon v. Stookey* (1978), 59 Ill. App. 3d 573, 375 N.E.2d 881, citing *Johnson v. Manhattan Ry. Co.* (1933), 289 U.S. 479, 77 L. Ed. 1331, 53 S. Ct. 721.) Thus, filing of defendant's counterclaim in No. 85—L—34 does not affect the rights of the parties in this case, because this "consoli-

dation" was for convenience rather than a formal act of consolidation which would merge the cases into a single suit.

We now consider whether defendant properly filed its counterclaim.

■ A party does not have the absolute right to amend pleadings. (*Montgomery Ward & Co. v. Wetzel* (1981), 98 Ill. App. 3d 243, 423 N.E.2d 1170.) Since there is no absolute right to amend, a party first must seek and obtain from the court permission to file a proposed amendment. (*Blazina v. Blazina* (1976), 42 Ill. App. 3d 159, 356 N.E.2d 164.) A party is not permitted to amend and add a new claim against a new party without first obtaining leave of court. (Ill. Rev. Stat. 1989, ch. 110, par. 2—406(b).) An amended pleading that adds additional parties filed without leave of court is a nullity. (*Petrella v. Leisky* (1981), 92 Ill. App. 3d 880, 417 N.E.2d 134; *Allen v. Archer Daniels Midland Co.* (1985), 129 Ill. App. 3d 783, 473 N.E.2d 137.) Therefore, only an amended pleading that has been filed after leave of court first having been obtained will allow the pleading to "relate back" to the time of the original complaint. Ill. Rev. Stat. 1989, ch. 110, par. 2—616(b); *Petrella v. Leisky* (1981), 92 Ill. App. 3d 880, 417 N.E.2d 134.

■ Similarly, application for leave to amend cannot be made *ex parte*. Instead, a motion for leave to amend a pleading must be in writing, state the reason for the amendment, set forth the amendment that is being proposed, show the materiality and propriety of the proposed amendment, explain why the proposed additional matter was omitted from earlier pleadings, and be supported by an affidavit. (*Nelson v. Randolph* (1906), 222 Ill. 531, 78 N.E. 914; *Old Salem Chautauqua Association v. Illinois District Council of the Assembly of God* (1958), 13 Ill. 2d 258, 148 N.E.2d 777; *Chestnut v. Adeli* (1985), 131 Ill. App. 3d 24, 475 N.E.2d 260; *Deasey v. City of Chicago* (1952), 412 Ill. 151, 105 N.E.2d 727; *Volvo of America Corp. v. Gibson* (1980), 83 Ill. App. 3d 487, 404 N.E.2d 406.) Furthermore, the opponent must be given notice and an opportunity to present any objections to the application. (*Joyce v. Blankenship* (1948), 399 Ill. 136, 77 N.E.2d 325.) This requirement of notice extends to all amendments, even those that seek simply to add to or otherwise increase the demands contained in the original complaint. *Ryan v. Miller* (1978), 58 Ill. App. 3d 283, 374 N.E.2d 257.

■ In the case at bar, the *ex parte* order of February 22, 1989, granting defendant leave to file its counterclaim, was entered without notice to the opposing party. In addition, the record does not establish that the motion met the other requirements set forth above. The or-

der of February 22, 1989, was void for two reasons: (1) it was obtained *ex parte* and without notice; and (2) the motion was not in proper form in that it did not conform to the above requirements. (See *City of Chicago v. American National Bank & Trust Co.* (1988), 171 Ill. App. 3d 680, 525 N.E.2d 915.) Therefore, the counterclaim cannot relate back to defendant's third-party complaint because this counterclaim is void.

■ Defendant argues that it did not need permission to file the counterclaim, because the court earlier had given permission. Defendant maintains that the order of August 29, 1988, which dismissed its third-party complaint and ordered it "to file an amended third-party complaint within ten days," constituted authority to join Battershell as a counterdefendant. Defendant maintains that this is a reasonable interpretation of the docket entry because the parties agreed that, since this was not an indemnity action, a third-party complaint could not be filed, but a counterclaim could.

Defendant's claim as to the court's permission must fail. Defendant filed the counterclaim over six months after the expiration of that 10-day period, and more importantly, filed without leave of court first having been obtained. If an amended pleading is not filed within the time granted, a further extension of time must first be obtained. (See *Shroat v. Robins* (1972), 7 Ill. App. 3d 293, 287 N.E.2d 157.) Permission, therefore, was needed.

Defendant's actions caused defendant to have no pleading on file against Battershell. The only permission to file defendant received was obtained *ex parte* and was void, making defendant's counterclaim a nullity. A nullity tolls no statute; therefore, this purported pleading did not toll this statute of limitations. The statute of limitations expired on March 20, 1989, and, therefore, defendant's counterclaim filed on March 28, 1989, was properly dismissed.

Affirmed.

CHAPMAN and LEWIS, JJ., concur.