CHARLES GREENE, Plaintiff-Appellant, v. STEVEN HELIS, as Special Adm'r of the Estate of Ralph Berndt, Deceased, Defendant-Appellee.

First District (4th Division)   No. 1—92—2375

Opinion filed August 26, 1993.

Frank J. DiBella, Ltd., of Chicago (Frank J. DiBella and George E. Dykes, of counsel), for appellant.

Querrey & Harrow, Ltd., of Chicago (Kevin J. Caplis and Michael Resis, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

Plaintiff, Charles Greene, appeals from the dismissal of his personal injury action as barred under certain provisions of the Limitations Act (Ill. Rev. Stat. 1991, ch. 110, par. 13—101 *et seq.*) (Act), and from the denial of his motion to reconsider the dismissal. He raises as issues (1) whether the trial court properly determined that his claim was barred by the statute of limitations, and (2) whether defendant, Steve Helis, as special administrator of the estate of Ralph Berndt, waived the statute of limitations as a defense.

About February 8, 1990, plaintiff filed a personal injury action naming Ralph Berndt as defendant for damages he sustained on April 27, 1988, when Berndt's vehicle collided with one in which plaintiff was a passenger. Following five attempts at service, summons was returned unserved on March 1, 1990. Berndt had died of unrelated causes on July 18, 1989.

In fall of 1990, plaintiff filed two notices of motion to suggest Berndt's death of record and for appointment of a special administrator. On February 15, 1991, plaintiff filed a motion suggesting Berndt's death and requesting that Marilou Heinen, who was apparently employed by the law firm of plaintiff's counsel, be appointed special administrator "for the purpose of continuing defense" of the case. That same day, the municipal division of the circuit court entered an order appointing Heinen "special administrator" of Berndt's estate. On March 22, 1991, without leave of court, plaintiff filed an amended complaint naming Heinen as defendant in her capacity as special administrator.

On May 6, 1991, the probate division of the circuit court issued letters of office to Heinen, appointing her independent administrator of Berndt's estate and authorizing her to take possession of and collect the estate and to do all acts required by law.

Also on May 6, 1991, an appearance and jury demand was filed on behalf of Berndt's estate (hereinafter defendant), along with a motion

to transfer venue. Defendant subsequently served plaintiff with discovery and also filed an answer to the complaint, raising as a special defense contributory negligence on plaintiff's part. Plaintiff filed his discovery requests and responses to defendant's discovery and special defense.

On September 16, 1991, on motion by defendant, the municipal division entered an order substituting attorney Steve Helis in place of Heinen as special administrator of Berndt's estate. About a week later the court granted a motion by defendant for leave to file contribution claims against certain third parties.

On November 7, 1991, defendant filed a combined motion to withdraw his answer and to strike and dismiss plaintiff's complaint pursuant to Code of Civil Procedure section 2—619(a)(5) (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(5)) on the grounds the action was barred by the statute of limitations. Defendant also filed a response to a motion to dismiss by third-party defendants and served these defendants with discovery.

Following a hearing, the trial court granted defendant's motion and dismissed the suit with prejudice. Plaintiff then sought reconsideration of this dismissal, but the court denied his motion on the basis that the suit was barred under section 13—202 of the Act (Ill. Rev. Stat. 1989, ch. 110, par. 13—202). The court found that the original complaint of February 8, 1990, naming a deceased defendant, was void *ab initio* and failed to invoke the court's jurisdiction; and the amended complaint of March 22, 1991, naming the special administrator of Berndt's estate, and the order of September 19, 1991, substituting Helis as special administrator, did not relate back to the filing of the original action. The instant appeal timely followed. For the reasons below, we must affirm.

On appeal, plaintiff concedes that the original complaint against a decedent was a nullity. However, he maintains this defect was cured by the amended complaint. Specifically, he contends that this case fell within the ambit of section 13—209 of the Act (Ill. Rev. Stat. 1989, ch. 110, par. 13—209), under which he had six months from the date letters of office issued to Heinen to initiate suit against her as estate administrator. There are several problems with this theory.

■ As a preliminary matter, we note that the accident giving rise to plaintiff's claim occurred April 27, 1988. Although the original complaint was timely, the amended complaint was filed nearly one year after the expiration of the two-year limitations period for personal injury actions under the Act. (Ill. Rev. Stat. 1989, ch. 110, par. 13—202.) Under the supreme court case of *Vaughn v. Speaker* (1988),

126 Ill. 2d 150, 533 N.E.2d 885, the amended complaint does not relate back to the original.

In *Vaughn*, the court addressed a situation very similar to that at bar. There, the plaintiffs' initial suit was timely but named a deceased defendant. Then, with leave of court on the basis of an alleged misnomer, the plaintiffs amended their complaint after the limitations period to name the decedent's executors. In concluding that the amended complaint did not relate back, the court first stated that changing the name of the defendant from a deceased to his executors did not constitute the mere correction of a misnomer. (*Vaughn*, 126 Ill. 2d at 158.) The court went on to determine that the amended complaint did not fall within the relation-back doctrine of Code of Civil Procedure section 2–616(d) (Ill. Rev. Stat. 1989, ch. 110, par. 2–616(d)), where there was no evidence or assertion that the estate executor was aware, prior to the limitations period, that suit had been filed. *Vaughn*, 126 Ill. 2d at 159-60.

Similarly, in the case at bar there is no evidence that Berndt's estate was aware prior to the expiration of the limitations period on April 27, 1990, that a complaint had been filed against him. It was not until several months later that plaintiff first moved to suggest Berndt's death of record. Accordingly, under *Vaughn*, the amended action did not relate back and was barred.

Additionally, the amended complaint is a nullity because it was filed without leave of court. A complaint adding a claim or new party cannot be filed without an express grant of leave. (*Callaghan Paving, Inc. v. Keeneyville Construction Co.* (1990), 197 Ill. App. 3d 937, 557 N.E.2d 228; *Condell Hospital v. Health Facilities Planning Board* (1987), 161 Ill. App. 3d 907, 515 N.E.2d 750, *aff'd* (1988), 124 Ill. 2d 341; *Allen v. Archer Daniels Midland Co.* (1985), 129 Ill. App. 3d 783, 473 N.E.2d 137.) Failure to obtain leave has been deemed a jurisdictional defect and thus nonwaivable. (See *Torley v. Foster G. McGaw Hospital* (1983), 116 Ill. App. 3d 19, 452 N.E.2d 7.) In any case, an amended pleading filed without leave does not toll the statute of limitations and must be disregarded on appeal. (*Condell*, 161 Ill. App. 3d at 935; *McGinnis v. A.R. Abrams, Inc.* (1986), 141 Ill. App. 3d 417, 420, 490 N.E.2d 115.) Finally, such leave must be expressly granted by court order and will not be implied. *McGinnis*, 141 Ill. App. 3d at 420-21.

In the case at bar, plaintiff moved to have Heinen appointed special administrator of Berndt's estate, and after the court ordered this appointment, plaintiff merely filed his amended complaint without ever obtaining leave to amend, or to substitute Heinen as defendant

(see Ill. Rev. Stat. 1989, ch. 110, par. 2—1008(b)). Thus, his amended complaint must be disregarded by this court.

The crux of plaintiff's contention on appeal derives from section 13—209 of the Act, which applies to survival actions against decedents which, at the time of the decedent's death, were not yet barred by the statute of limitations. Section 13—209 permits the filing of such actions against the decedent's executors or administrators after the expiration of the applicable limitations period, provided, in relevant part, that they are filed within "6 months after the issuance of letters of office" for the decedent's estate. Ill. Rev. Stat. 1989, ch. 110, par. 13—209; *Rivera v. Taylor* (1975), 61 Ill. 2d 406, 336 N.E.2d 481; *McCue v. Colantoni* (1980), 80 Ill. App. 3d 731, 400 N.E.2d 263.

In the instant case, plaintiff does not dispute that the amended complaint was filed over one month before the issuance of letters of office to Heinen on May 6, 1991. However, he argues that because the letters did eventually issue, his amended complaint was valid under this section. Again, plaintiff's contention lacks merit. The statute clearly mandates that suit be filed *after* issuance of letters of office. At the time the amended complaint was filed in this case, a proper defendant did not yet exist under section 13—209.

Nor was Heinen's capacity as "special administrator" sufficient under section 13—209. Although the municipal division omitted any reference in its order to the statutory authority for this appointment, we can only conclude it was done pursuant to Code of Civil Procedure section 2—1008(b). That section authorizes appointment of a special administrator to be substituted by court order for someone already a party to an action who dies during the pendency of that action. It is inapplicable to situations like this one, where the defendant died before suit was instituted. (*Vaughn*, 126 Ill. 2d at 158; *Bricker v. Borah* (1984), 127 Ill. App. 3d 722, 469 N.E.2d 241.) Furthermore, this court has held that the appointment of a "special administrator" under the Code of Civil Procedure, unlike an estate administrator under the Probate Act who has taken an oath, received letters of office, and is empowered to distribute estate assets, will not operate to commence the six-month period of section 13—209. *Lindsey v. Special Administrator of the Estate of Phillips* (1991), 219 Ill. App. 3d 372, 579 N.E.2d 445; *Hannah v. Gilbert* (1990), 207 Ill. App. 3d 87, 565 N.E.2d 295; see also *Bricker*, 127 Ill. App. 3d 722.

Under the foregoing principles, the trial court correctly found plaintiff's amended complaint invalid. The court's substitution of Helis as special administrator on September 23, 1991, was similarly invalid.

The proper course for plaintiff would have been to refile against Heinen, who by this time held letters of office.

■ Plaintiff urges us to find that defendant waived the limitations defense by proceeding with litigation until six months and one day after the issuance of letters of office, "purposely contemplating" that by then it would be too late to cure any defect, before moving to dismiss.

Although the limitations defense is a procedural one which can be waived (Ill. Rev. Stat. 1989, ch. 110, par. 2—613(d)), no waiver occurred here. (See *Rognant v. Palacios* (1991), 224 Ill. App. 3d 418, 586 N.E.2d 686.) Waiver is the intentional relinquishment of a known right. (*Ryder v. Bank of Hickory Hills* (1991), 146 Ill. 2d 98, 104, 585 N.E.2d 46.) It may be accomplished by express agreement or may be implied from a party's conduct. (*Ryder*, 146 Ill. 2d at 105.) The party claiming implied waiver has the burden of proving a clear, unequivocal, and decisive act of the opponent manifesting his intention to waive his rights. *Ryder*, 146 Ill. 2d at 105.

In this case, plaintiff has not shown unequivocally that defendant was aware of all the procedural ramifications in this action during the time defendant was proceeding with litigation. Moreover, defendant could not possibly have asserted the limitations defense any earlier. Under section 13—209, plaintiff had until early November 1991 to file suit against Heinen as independent administrator. On November 7, 1991, when this had not been done, defendant promptly raised the defense.

Nor could estoppel apply here. Three necessary elements of estoppel are a misrepresentation or concealment of material facts; that the truth regarding the alleged misrepresentation or concealment was unknown or unascertainable to the party claiming estoppel (*Vaughn*, 126 Ill. 2d at 162); and that the claimant's reliance on the concealment caused him to act to his detriment. (*Vaughn*, 126 Ill. 2d at 163.) Obviously, defense counsel cannot be said to have improperly concealed material facts simply by failing to alert opposing counsel, in advance, of law bearing upon his case.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.