PATRICIA FISCHER, Independent Adm'x of the Estate of Laveda Mary Zara, Deceased, Plaintiff-Appellant, v. SENIOR LIVING PROPERTIES, L.L.C., d/b/a Westabbe Health Care Center, Defendant (St. John's Hospital of the Hospital Sisters of the Third Order of St. Francis, d/b/a St. John's Hospital of Springfield, *et al.*, Defendants-Appellees).

Fourth District   No. 4—01—0496

Argued November 14, 2001.—Opinion filed April 30, 2002.

McCULLOUGH, P.J., dissenting.

Michael D. Carter, Jr. (argued), of Sutterfield Law Offices, P.C., of Effingham, for appellant.

Richard J. Wilderson and April G. Troemper (argued), both of Graham & Graham, Ltd., of Springfield, for appellee St. John's Hospital of Springfield.

Richard H. Narup (argued), of Drake, Narup & Mead, P.C., of Springfield, for appellee Joseph J. Maurer.

JUSTICE COOK delivered the opinion of the court:

The question raised in this case is whether an amended complaint adding additional parties is properly filed within the period of the statute of limitations when the clerk tells counsel the order granting leave to file the amended complaint will be entered by the court as a routine matter, but that is not done. The trial court answered the question in the negative and granted the motions to dismiss filed by the additional defendants. We reverse and remand.

## I. BACKGROUND

Plaintiff Patricia Fischer is the independent administratrix of the estate of Laveda Mary Zara, who died December 29, 1998. An action for the death of a person arising out of patient care shall not be brought more than two years after knowledge of the death. 735 ILCS 5/13—212(a) (West 2000). Under section 13—212(a) of the Code of Civil Procedure (Code) (735 ILCS 5/13—212(a) (West 2000)), the last day for filing an action in this case was December 29, 2000.

On June 30, 2000, plaintiff filed a complaint against defendant Senior Living Properties, L.L.C., d/b/a Westabbe Health Care Center (Senior Living). Summons was issued and Senior Living filed its entry of appearance. Plaintiff obtained leave of court for additional time to file the affidavit and report required by section 2—622 of the Code (735 ILCS 5/2—622 (West 2000)). Senior Living had not filed an answer as of December 29, 2000.

On December 27, 2000, plaintiff's attorney, officed in Effingham County, filed an amended complaint with the circuit clerk of Sangamon County. The amended complaint added two defendants, defendant St. John's Hospital of the Hospital Sisters of the Third Order of St. Francis, d/b/a St. John's Hospital of Springfield (St. John's), and defendant Joseph J. Maurer, M.D. Plaintiff's attorney personally

delivered the following documents to the circuit clerk: a certificate of service on Senior Living, a motion for leave to file the amended complaint *instanter*, a proposed order granting leave to file the amended complaint *instanter*, and summons accompanied by copies of the amended complaint. The circuit clerk advised plaintiff's attorney that the order for leave would be tendered to the judge that day as a routine matter unless plaintiff's attorney was informed otherwise. The documents were all file-stamped on December 27, 2000, summons was issued, and St. John's and Dr. Maurer were served on January 3, 2001.

On January 30, 2001, Dr. Maurer's attorney told plaintiff's attorney the court file failed to reflect entry of the order granting leave to file the amended complaint *instanter*. Without objection the order was entered following a hearing on February 13, 2001. Dr. Maurer filed a motion to dismiss on March 23, 2001, alleging that the complaint failed to state a cause of action and was not filed within the two-year statute of limitations, because the complaint was not filed until after December 29, 2000.

On June 5, 2001, after a hearing, the trial court entered an order allowing St. John's to adopt Dr. Maurer's motion to dismiss, allowing plaintiff's counsel to file an affidavit to supplement the record as to the statements made by the clerk's office personnel, and allowing the motions to dismiss on the basis that the statute of limitations had expired on December 29, 2000. The trial court subsequently made a finding under Rule 304(a) (155 Ill 2d R. 304(a)) that there was no just reason for delaying either enforcement or appeal.

## II. ANALYSIS

■ Motions to dismiss, under both sections 2—615 and 2—619 of the Code (735 ILCS 5/2—615, 2—619 (West 2000)), present questions of law which we review *de novo. Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 494, 639 N.E.2d 1282, 1293-94 (1994).

■ This court has stated that "an amended complaint, adding additional parties, filed without leave of the court is a nullity." *Allen v. Archer Daniels Midland Co.*, 129 Ill. App. 3d 783, 786, 473 N.E.2d 137, 139 (1985). We had previously recognized that there are problems when leave of court must be obtained to amend a complaint near the end of a limitations period. *Clark v. Brokaw Hospital*, 126 Ill. App. 3d 779, 782-83, 467 N.E.2d 652, 655 (1984) (motion to convert respondent in discovery to a defendant sufficient if motion made within six-month period even though the motion is not heard and ruled on until after six-month period). The customary deliberate method of setting and hearing motions may not be appropriate where the statute of lim-

itations is about to expire. In *Allen*, we declined to consider the procedure mentioned in *Clark* because there was no evidence that the motion for leave to amend was filed within the period of limitations. *Allen*, 129 Ill. App. 3d at 786, 473 N.E.2d at 139. *Allen* and *Clark* both recognize that strict compliance is not always required in obtaining leave to amend a complaint.

*Petrella v. Leisky*, 92 Ill. App. 3d 880, 417 N.E.2d 134 (1981), the case relied upon by *Allen* for the "nullity" language quoted above, involved the filing of a complaint as a supplemental pleading under section 2—609 of the Code (735 ILCS 5/2—609 (West 2000)). Section 2—609 specifically requires that a supplemental pleading be "by leave of court and upon terms." 735 ILCS 5/2—609 (West 2000). The complaint in *Petrella* was not a proper supplemental pleading because supplemental pleadings are only employed to set forth matters arising after the original pleading has been filed. *Petrella*, 92 Ill. App. 3d at 881, 417 N.E.2d at 136. There was apparently no motion for leave to amend filed in *Petrella*. The case cited by *Petrella* for the proposition that an ineffective attempt to amend a complaint is a nullity had applied "prior law" to an attempt to amend made without leave of court and *after judgment. Register Gazette Co. v. Larash*, 109 Ill. App. 236, 237-38 (1903); *Petrella*, 92 Ill. App. 3d at 883, 417 N.E.2d at 137. Clearly a defendant who is added after judgment and without any opportunity to defend is unfairly prejudiced by the amendment.

■ Section 2—616 of the Code, dealing with amendments "introducing any party who ought to have been joined," contains no specific requirement that leave of court be obtained. 735 ILCS 5/2—616(a) (West 2000). The section simply provides that "[a]t any time before final judgment amendments may be *allowed* on just and reasonable terms." (Emphasis added.) 735 ILCS 5/2—616(a) (West 2000). Perhaps the legislature could lay down an inflexible rule that no amendment adding parties could ever be effective without a signed order granting leave to amend. The very general language of section 2—616, however, does not establish such a rule. The provisions of section 2—616 requiring leave of court are directory, not mandatory. *In re Estate of Zander*, 242 Ill. App. 3d 774, 777, 611 N.E.2d 86, 88 (1993).

Defendants cite a number of cases in support of the trial court's order. All those cases recite the statement that "[a]n amended complaint adding additional parties filed without leave of court is a nullity." *Callaghan Paving, Inc. v. Keeneyville Construction Co.*, 197 Ill. App. 3d 937, 939, 557 N.E.2d 228, 229 (1990) (plaintiff's amendment adding a defendant without leave of court was a nullity and it must be disregarded on review); *First Robinson Savings & Loan v. Ledo Construction Co.*, 210 Ill. App. 3d 889, 892-93, 569 N.E.2d 304, 307

(1991) (an order adding a defendant obtained *ex parte* and without notice is void); *Greene v. Helis*, 252 Ill. App. 3d 957, 960, 625 N.E.2d 162, 165 (1993) (leave to amend must be expressly granted by court order and will not be implied).

However, the holdings in all those cases have been rejected by subsequent decisions of the supreme court and of this court. In *Ragan v. Columbia Mutual Insurance Co.*, 183 Ill. 2d 342, 701 N.E.2d 493 (1998), the supreme court considered a case where the plaintiff had amended his complaint without leave of court to add a prayer for prejudgment interest. The defendant did not object and filed a response, and prejudgment interest was awarded, but defendant raised the argument in the appellate court that the trial court had no jurisdiction over the amended complaint, citing *Greene* and other cases. The supreme court distinguished those cases because they involved an amendment that would add a party but also found the cases "unpersuasive." *Ragan*, 183 Ill. 2d at 354, 701 N.E.2d at 498. "[Section 2—616 of the] Code of Civil Procedure provides that technical defects in pleadings should not prevent the courts from doing justice between the parties." *Ragan*, 183 Ill. 2d at 354, 701 N.E.2d at 498.

The idea that the filing of an amended complaint was a void act because it was done without statutory authority, was a nullity, and constituted error that was "jurisdictional" has been rejected by this court. *Ganci v. Blauvelt*, 294 Ill. App. 3d 508, 515-16, 690 N.E.2d 649, 654 (1998) (failure to obtain leave to file a third-party complaint seeking contribution was waived and could not be raised for the first time on appeal). "[T]reating obtaining of leave as an element of jurisdiction is contrary to the most recent theories of circuit court jurisdiction." *Ganci*, 294 Ill. App. 3d at 516, 690 N.E.2d at 654. Under the 1970 Constitution (Ill. Const. 1970, art. VI, § 9), circuit court jurisdiction is conferred by the constitution and strict compliance with the statute is no longer necessary. *Ganci*, 294 Ill. App. 3d at 519, 690 N.E.2d at 656; see also *Estate of Zander*, 242 Ill. App. 3d at 777, 611 N.E.2d at 88 (provisions of section 2—616 requiring leave of court are directory, not mandatory, and may be waived). *First Robinson* has been overruled by the Fifth District, where it originated. *Savage v. Pho*, 312 Ill. App. 3d 553, 558, 727 N.E.2d 1052, 1056 (2000).

■ Defendant Maurer argues that even if the trial court had granted leave to amend on December 27, the complaint would have to be dismissed because plaintiff did not set the motion for hearing and give the existing defendant, Senior Living, the number of days' notice required. We disagree. The motion may be considered as an emergency motion which may be made *ex parte* and heard without calling the motion for hearing. *Savage*, 312 Ill. App. 3d at 558, 727 N.E.2d at 1056.

It is impossible to conceive of a court denying leave to amend in the situation of this case, where the parties to be joined are not before it to make their positions known. Even if the court suspects the complaint may be defective, the proper course is to allow it to be filed and then hear the arguments of the parties. Motions granting leave to amend to add parties during the pleading stage are granted as a matter of routine. *Savage*, 312 Ill. App. 3d at 559, 727 N.E.2d at 1057. The clerk in this case stated these orders were entered as a matter of routine, and the judge in fact did sign the order.

If a party files a complaint on paper which measures 8½ by 12 inches, must the complaint be stricken? See 134 Ill. 2d R. 10 ("shall be 8½ inches by 11 inches"). If an appellee's brief in the appellate court has a cover that is more a dark blue than a light blue, must the brief be ignored? See 134 Ill. 2d R. 344(c) ("light blue"). Some rules constitute minor technicalities; enforcing them exalts form over substance to deprive a party of his day in court and frustrating the resolution of the litigation on the merits. *Shaifer v. Folino*, 272 Ill. App. 3d 709, 720, 650 N.E.2d 594, 601 (1995), quoting *Hatcher v. Kentner*, 120 Ill. App. 3d 571, 575, 458 N.E.2d 131, 133-34 (1983); *Cirrincione v. Johnson*, 184 Ill. 2d 109, 113-14, 703 N.E.2d 67, 69 (1998) (invalidating lien due to the instant technicalities would serve no purpose).

We conclude that the filing of an amended complaint where the judge has not signed the order granting leave is not *per se* inadequate. We must accordingly consider whether there was substantial compliance with the requirements of sections 2—616 and 13—212(a) of the Code in this case. We should consider the object sought to be obtained and the evils intended to be remedied by these statutes. The purpose of a statute of limitations is to discourage the presentment of stale claims. *Guzman v. C.R. Epperson Construction, Inc.*, 196 Ill. 2d 391, 400, 752 N.E.2d 1069, 1075-76 (2001). Plaintiff should not be allowed to extend the statute by doing nothing for months, to the prejudice of the persons sought to be added as defendants. We should be wary of a rule that would allow the apparent running of the statute to be explained away by private actions within the control of counsel. *In re Application of the County Collector*, 265 Ill. App. 3d 485, 491, 637 N.E.2d 679, 683 (1994) (important to establish a clear rule and reliable standard of proof regarding when documents will be deemed filed).

There is no risk in the present case of manipulation by counsel. Counsel here performed the most public of acts: he handed the complaint to the circuit clerk, who file-stamped it and caused summons to be served on the parties named. St. Johns and Maurer were not unduly prejudiced by the failure to sign the order granting leave. They

received their summons and copies of the amended complaint at the same time they would have received them if the order had been signed. Nor are defendants prejudiced by denying them a technical argument which would have defeated plaintiff's claim. We are not interested in whether defendants prevail in this case, but whether the matter is resolved justly, on its merits. *People ex rel. Hartigan v. All American Aluminum & Construction Co.*, 171 Ill. App. 3d 27, 33, 524 N.E.2d 1067, 1070 (1988) (allowing Attorney General to add parties not named in the order granting leave to amend).

The routine nature of these orders is confirmed by the fact that there were ways defendants could have been added without requesting any leave of court. *Petrella* recognized that plaintiff could have filed a separate action against the new defendant without leave of court and then moved to consolidate the actions. *Petrella*, 92 Ill. App. 3d at 882, 417 N.E.2d at 137. *Petrella*, however, passed over that possibility: "[r]egardless of what plaintiff *could have* done, what he *did* was to file the supplemental complaint as an adjunct to his pending case." (Emphasis in original.) *Petrella*, 92 Ill. App. 3d at 882, 417 N.E.2d at 137. That attitude is mistaken. "[I]t is not an adequate discharge of duty for courts to say: We see what you are driving at, but you have not said it, and therefore we shall go on as before." *Johnson v. United States*, 163 F. 30, 32 (1st Cir. 1908) (Holmes, J.). The character of a pleading is determined by its content and not the title or label asserted by the petitioner. *People v. Harvey*, 196 Ill. 2d 444, 457, 753 N.E.2d 293, 300-01 (2001) (Fitzgerald, J., specially concurring) (attack on void judgment need not satisfy requirements of section 2—1401 even though it was a section 2—1401 petition that was filed); *La Salle National Trust, N.A. v. Board of Directors of the 1100 Lake Shore Drive Condominium*, 287 Ill. App. 3d 449, 456, 677 N.E.2d 1378, 1383 (1997) (plaintiff adequately pled "constructive fraud" even though those words were not used). A timely order granting leave can only be a minor technicality when parties can otherwise be properly added without obtaining leave.

The argument is made the late order granting leave to amend could have been accepted if, instead of seeking leave to amend *instanter*, plaintiff had obtained a hearing date for the motion, notified Senior Living of the motion and hearing date, and obtained an order allowing amendment. The only difference between that and what was actually done is the opportunity given Senior Living to appear at a hearing and object. Again, concern over the rights of Senior Living is misplaced. It is unlikely that a defendant such as Senior Living will object to the addition of a defendant, and Senior Living did not object when it was given the opportunity to do so here. Objecting to a motion for leave to

amend is not the mechanism for challenging a defective pleading; the mechanism is the filing of a section 2—615 motion after the amendment has been allowed. *Trinity Bible Baptist Church v. Federal Kemper Insurance Co.*, 219 Ill. App. 3d 156, 163, 578 N.E.2d 1375, 1379 (1991). St. John's and Maurer should not be heard to complain that Senior Living's rights were violated.

It is possible to blame every failure of the trial court and the circuit clerk upon the attorneys, by suggesting they should have better "monitored" the case. It is fair to criticize attorneys where something is overlooked in the trial court and not brought to the court's attention for a lengthy period of time. That was not the case here. Can plaintiff's attorney be criticized for handing the motion for leave to amend to the clerk and not to the judge? "Pleadings subsequent to the complaint, written motions, and other papers required to be filed shall be filed with the clerk ***." 134 Ill. 2d R. 104(b). Should plaintiff's attorney have ignored the clerk's instructions and taken the motion for leave to amend to the judge himself? Should plaintiff's attorney have phoned the judge or sat outside his chambers until he was personally told by the judge that the order had been signed? A rule that prevents the court from using court officers and employees and insists upon personal action by the judge will not promote judicial economy (or civility between the bench and bar). Should plaintiff's attorney have gone to look for a judge? A system where attorneys select the judge to sign their orders is not a desirable one. Local attorneys should not be advantaged in these cases by their ability to contact a judge who is not in his chambers or is handling other matters.

Whatever rule is applied in this case should not vary from county to county. Circuit rules may direct how routine motions are to be handled but those rules should be considered directory and not allowed to invalidate a filing where there has been substantial compliance.

## III. CONCLUSION

■ We conclude that plaintiff's attorney properly filed his papers in the office of the circuit clerk and followed the instructions given him by the clerk. The clerk placed the motion on the court's routine motion call. The trial court would have signed the order granting leave to amend as a matter of routine and did eventually sign the order here without objection. The failure to obtain that signature on December 27 was only a minor technicality. Plaintiff substantially complied with both sections 2—616 and 13—212(a). Failure to timely obtain the signature did not cause any delay, defendants were in no way prejudiced, and plaintiff acted in good faith.

We reverse the trial court's judgment that the statute of limitations had expired in this case and remand for further proceedings.

Reversed and remanded.

TURNER, J., concurs.

PRESIDING JUSTICE McCULLOUGH, dissenting:
I respectfully dissent.

This case involves simply an interpretation of the Code. The filing of an amendment pursuant to section 2—616(a) of the Code cannot be "allowed" unless such action is requested by a party. Such a request is implicit in the terms of section 2—616(a).

This court has determined that obtaining leave of court to file an amendment to a pleading adding a new party was not necessary to invoke the circuit court's subject matter jurisdiction over the proceeding or *in personam* jurisdiction over the added party where the party appeared and failed to make a timely objection to the failure to obtain permission to amend. *Ganci v. Blauvelt*, 294 Ill. App. 3d 508, 515-19, 690 N.E.2d 649, 653-56 (1998). Similarly, *Ragan* found that the failure to obtain leave to amend was not a jurisdictional defect. *Ragan*, 183 Ill. 2d at 355, 701 N.E.2d at 499. The defendant in *Ragan* had filed an answer to the complaint and affirmative defenses and argued the merits of the pleadings as amended, and on that basis, the supreme court found the defendant had waived its right to raise the issue. *Ragan*, 183 Ill. 2d at 355, 701 N.E.2d at 499. *Ragan* rejected *Greene* because it was unpersuasive and distinguished when applied to the facts in *Ragan*. In comparing *Greene*, the supreme court stated: "In contrast, Ragan's amended complaint added claims and prayers against parties who were already properly before the court." *Ragan*, 183 Ill. 2d at 354, 701 N.E.2d at 498. Jurisdiction is not the issue here. A statute of limitation is not a condition precedent constituting a jurisdictional bar to proceedings; it is an affirmative defense. See *Marshall v. Metropolitan Water Reclamation District Retirement Fund*, 298 Ill. App. 3d 66, 74-75, 697 N.E.2d 1222, 1228 (1998). The majority's reliance on *Ragan* is misplaced.

The question in this appeal is whether the amended complaint was "filed" within the statute of limitations on December 27, 2000. Plaintiff relies on the fact that an action is commenced by the filing of a complaint (735 ILCS 5/2—201(a) (West 2000)), and a complaint committed to the custody and control of the circuit clerk is deemed filed (*Kelly v. Mazzie*, 207 Ill. App. 3d 251, 253, 565 N.E.2d 719, 720 (1990)). See *Vincent v. McElvain*, 304 Ill. 160, 163, 136 N.E. 502, 503 (1922) (a

suit is commenced when a party puts in motion the instruments of the court, not when the court gets jurisdiction of the defendant). The mailbox rule is not implicated on the facts of this case.

However, the issue in this appeal does not involve the timeliness of the filing of the original complaint. On just and reasonable terms, the trial court "may" allow a party to amend its pleading to join a party as a defendant. 735 ILCS 5/2—616(a) (West 2000). A plaintiff may not file an amended complaint adding new parties without leave of court, and doing so will not toll the statute of limitations against the new parties. *Petrella*, 92 Ill. App. 3d at 881-83, 417 N.E.2d at 136-37. Also, because an unauthorized amendment to a complaint is a nullity, the later amendment of the complaint does not relate back to the date when the ineffective amendment was attempted. *Petrella*, 92 Ill. App. 3d at 883, 417 N.E.2d at 137. See *Callaghan Paving, Inc. v. Keeneyville Construction Co.*, 197 Ill. App. 3d 937, 939, 557 N.E.2d 228, 229 (1990) (a plaintiff may only amend a complaint to add a claim against a new party with leave of court, and an amended complaint adding additional parties filed without leave of court is a nullity); *First Robinson Savings & Loan v. Ledo Construction Co.*, 210 Ill. App. 3d 889, 892-93, 569 N.E.2d 304, 306-08 (1991) (there is no absolute right to amend a pleading; filing an amended pleading adding new parties without leave of court is a nullity; a nullity tolls no statute of limitation). This court has recognized that leave to amend a complaint is not granted until a court order is obtained. *Allen v. Archer Daniels Midland Co.*, 129 Ill. App. 3d 783, 787, 473 N.E.2d 137, 139 (1985). In addition, the court must expressly give leave to amend; it will not be implied. *Greene v. Helis*, 252 Ill. App. 3d 957, 960, 625 N.E.2d 162, 165 (1993). I disagree with the suggestion that the granting of a motion to amend a complaint is "ministerial." Assuming that (1) had the trial court considered and denied the motion to dismiss on December 27, 2000, and (2) this court would have found the denial of the motion to be an abuse of discretion, such standard clearly accepts the discretionary nature of the trial court's ruling on the motion to amend. The majority also accepts plaintiff's argument that the amended complaint should be deemed to have been filed on December 27, 2000, because an employee in the circuit clerk's office accepted it, file-stamped it, and told him that the order allowing amendment would be presented to the trial judge and entered that day, as a matter of routine.

I disagree with the majority's concession that it is impossible to conceive of a court denying leave to amend in the situation of this case. To accept that position would eliminate the need for section 2—616. In addition, the majority gives the circuit clerk too much prerogative and too much responsibility with respect to an attorney's

duties. As set forth in section 2—616, "may be allowed" requires some action. I believe the rule was even acknowledged to mean something by the plaintiff when in fact on February 13 his motion was allowed.

I would give no validity to the actions of the circuit clerk's employee. Neither file-stamping the amended complaint nor prematurely issuing summons without direction to do so from the trial judge should be deemed a substitution for the trial judge's considering and ruling on the motion to amend. The circuit clerk is not a judge. In addition, the duties of the circuit clerk do not encompass accepting delegation to practice law on behalf of a lawyer's client. It is the attorney's obligation to the client to monitor the case and ensure that actions necessary to protect the interests of the client are taken. See 134 Ill. 2d R. 1.1(a).

The majority also states that *First Robinson* was overruled by *Savage*. I am not persuaded. *Savage* disagreed with *First Robinson* "that an order obtained *ex parte* and without notice, without more, is void." *Savage*, 312 Ill. App. 3d at 558, 727 N.E.2d at 1056. The *Savage* court then distinguished *First Robinson*. *Savage*, 312 Ill. App. 3d at 558, 727 N.E.2d at 1056-57. In *Savage*, the court found the order granting leave to amend *ex parte* was valid and the amended complaint was properly filed (*Savage*, 312 Ill. App. 3d at 560, 727 N.E.2d at 1058), but made it clear "[a] court's decision to grant a motion for leave to amend is a matter within the discretion of the trial court. *** Any doubts as to whether leave *** should be granted should be decided in favor of the allowance of the amendment" (*Savage*, 312 Ill. App. 3d at 556-57, 727 N.E.2d at 1055). Here, there is no order, let alone an *ex parte* order. Moreover, there are no local rules governing emergency motions as relied on in *Savage*. III Illinois Civil Rules & Procedure 212 (West 2001) (local rules).

I would deem the statute of limitations tolled if, before the expiration of the limitations period, plaintiff (1) obtained a hearing date for the motion to amend, even if that date was beyond the expiration of the limitations period; (2) filed his motion to amend accompanied by a copy of the proposed amended complaint; (3) provided notice to all parties already in the case of the motion and the hearing date; and (4) obtained an order allowing amendment on that hearing date or at the earliest convenience of the trial court. Merely placing the motion on file is not sufficient to toll the statute of limitations as that would allow a plaintiff to file a motion and do nothing for months to the prejudice of the persons sought to be added as defendants. I decline to condone the practice employed in this case and would affirm the order of the circuit court of Sangamon county granting the motions of Maurer and St. John's to dismiss the counts of plaintiff's amended complaint directed to those defendants.