# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*Hurst v. Board of the Fire & Police Comm'n*, 2011 IL App (4th) 100964

| | |
|---|---|
| Appellate Court Caption | BILLY HURST, Plaintiff-Appellant, v. THE BOARD OF THE FIRE AND POLICE COMMISSION for the City of Clinton, an Administrative Agency; and MICHAEL REIDY, Chief of Police for the City of Clinton, Illinois, Defendants-Appellees. |
| District & No. | Fourth District<br>Docket No. 4-10-0964 |
| Argued | June 7, 2011 |
| Filed | July 12, 2011 |
| Rehearing denied | August 8, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | An order of defendant Board of Fire and Police Commission discharging plaintiff from his employment as a police officer for violating department rules and regulations by viewing pornography on an employer-owned mobile data terminal while on duty was affirmed over plaintiff's contention that the eavesdropping statute was violated when the chief of police monitored the pornography viewed by plaintiff, since the department's manual dictated that the data terminals were to be used for law-enforcement purposes only and that they were not to be used in any manner that would tend to discredit the department and plaintiff had no reasonable expectation of privacy or confidentiality with regard to his use of the terminals. |
| Decision Under Review | Appeal from the Circuit Court of De Witt County, No. 09-MR-28; the Hon. Chris E. Freese, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Shane M. Voyles (argued), of Police Benevolent Labor Committee, of Springfield, for appellant. |
| | Stephen R. Myers (argued), of Clinton, for appellee Board of Fire and Police Commission. |
| | Nick A. Cetwinski (argued), of Woodridge, for appellee Michael Reidy. |
| Panel | JUSTICE POPE delivered the judgment of the court, with opinion. Justices Turner and Steigmann concurred in the judgment and opinion. |

**OPINION**

¶ 1   Plaintiff, Billy Hurst, appeals a circuit court order which dismissed his amended complaint for declaratory judgment and administrative review. In his amended complaint for administrative review, plaintiff sought reversal of an order of the Board of Fire and Police Commission of the City of Clinton (Board) which discharged plaintiff from his employment as a City of Clinton (Clinton) police officer. We affirm.

¶ 2                    I. BACKGROUND

¶ 3   On January 30, 2009, Michael Reidy (Reidy), the Clinton chief of police, filed with the Board written charges against plaintiff. Reidy alleged plaintiff viewed pornography on the employer-owned mobile data terminal while on duty in violation of "certain rules and regulations of the City of Clinton Police Department."

¶ 4   On May 15, 2009, plaintiff filed a complaint against defendants for declaratory judgment that (1) Reidy obtained evidence of plaintiff viewing pornography in violation of the eavesdropping statute contained in the Criminal Code of 1961 (720 ILCS 5/14-1 through 14-9 (West 2008)), and (2) the Board "must conduct a fair and impartial hearing."

¶ 5   The Board held a hearing on the charges on August 13, 2009, and entered an order discharging plaintiff from his position as a police officer on October 13, 2009.

¶ 6   On October 20, 2009, plaintiff filed his motion for leave to file an amended complaint and an amended complaint, which included a count requesting administrative review of the Board's discharge order. The certificate of service shows the motion and the proposed amendment were mailed to counsel for defendants on October 19, 2009. On December 16, 2009, the trial court granted plaintiff's motion. (Although the motion to amend and the first

amended complaint are file-stamped October 20, 2009, there is no contemporaneous docket entry. Nevertheless, all parties agreed they received the motion and amended complaint on or around October 20, 2009.)

¶ 7　　In response, Reidy filed a motion to dismiss plaintiff's amended complaint on December 28, 2009, arguing (1) plaintiff failed to file his action seeking administrative review in a timely manner and, alternatively, (2) Reidy did not violate the eavesdropping statute (720 ILCS 5/14-1 through 14-9 (West 2008)) when he obtained evidence of plaintiff viewing pornography on the employer-owned mobile data terminal while on duty. The Board filed a motion to dismiss plaintiff's amended complaint on December 30, 2009, alleging plaintiff failed to file his action seeking administrative review in a timely manner. On November 17, 2010, the trial court granted defendants' motions, dismissing with prejudice plaintiff's amended complaint.

¶ 8　　　　　　　　　　　　　　　II. ANALYSIS

¶ 9　　　　　　　　　　　　　　　A. Jurisdiction

¶ 10　　Defendants argue the trial court was without jurisdiction to consider plaintiff's amended complaint because plaintiff failed to file his action seeking administrative review in a timely manner. We review an order granting a section 2-619 motion to dismiss *de novo*. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59, 857 N.E.2d 229, 236 (2006).

¶ 11　　Section 3-103 of the Administrative Review Law provides as follows:

"Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision ***." 735 ILCS 5/3-103 (West 2008).

¶ 12　　Section 10-2.1-17 of the Illinois Municipal Code provides as follows:

"The provisions of the Administrative Review Law, and all amendments and modifications thereof, and the rules adopted pursuant thereto, shall apply to and govern all proceedings for the judicial review of final administrative decisions of the board of fire and police commissioners hereunder." 65 ILCS 5/10-2.1-17 (West 2008).

¶ 13　　On October 20, 2009, seven days after the Board's decision issued, plaintiff filed his motion for leave to file an amended complaint and an amended complaint, which included a count requesting administrative review. Defendants admit the amended complaint was sufficient to vest the trial court with subject-matter jurisdiction under the Administrative Review Law. See *King v. Ryan*, 153 Ill. 2d 449, 455, 607 N.E.2d 154, 157 (1992). However, defendants argue the count seeking administrative review was not timely filed because the trial court did not grant leave to file the amended complaint until December 16, 2009.

¶ 14　　In *Fischer v. Senior Living Properties, L.L.C.*, 329 Ill. App. 3d 551, 553, 771 N.E.2d 505, 508 (2002), the last day to file an action was December 29, 2000. On December 27, 2000, plaintiff's attorney filed a motion for leave to file an amended complaint *instanter* and a proposed order granting leave to file the amended complaint. By December 29, however, the judge had not signed the order. *Fischer*, 329 Ill. App. 3d at 553, 771 N.E.2d at 508. The

-3-

majority of this court held "the filing of an amended complaint where the judge has not signed the order granting leave" did not, by itself, ground a successful statute-of-limitations defense. *Fischer*, 329 Ill. App. 3d at 556, 771 N.E.2d at 511. Although a dissent by Justice McCullough differed as to the result on the specific facts presented, even he agreed the statute of limitations would be tolled where, as here, before the expiration of the limitations period, plaintiff (1) filed his motion to amend accompanied by a copy of the proposed amended complaint; (2) provided notice to all parties already in the case of the motion; (3) in a letter to the circuit clerk dated October 30, 2009, "sought assistance *** as to advancing this cause"; and (4) obtained an order allowing amendment at the earliest convenience of the trial court. *Fischer*, 329 Ill. App. 3d at 561, 771 N.E.2d at 515 (McCullough, P.J. dissenting) Accordingly, plaintiff's amended complaint, filed together with plaintiff's motion for leave to file the amended complaint, was timely.

¶ 15                              B. Alleged Violation of Eavesdropping Statute

¶ 16        Plaintiff asserts the Board "unlawfully considered evidence prohibited by the eavesdropping statute." Plaintiff argues Reidy violated the eavesdropping statute by installing "surveillance software" as an eavesdropping device to intercept, record, and monitor electronic transfer of data by computer. Plaintiff seeks a "definitive ruling" as to whether or not Reidy's evidence was lawfully admissible. Plaintiff admits his amended complaint for declaratory judgment and administrative review is "somewhat redundant."

¶ 17        We review the Board's decision, not the circuit court's. See *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 212, 886 N.E.2d 1011, 1019 (2008). The scope of judicial review of administrative decisions "extend[s] to all questions of law and fact presented by the entire record before the court." 735 ILCS 5/3-110 (West 2008). A court may encounter three types of questions on administrative review of an agency decision: questions of fact, questions of law, and mixed questions of law and fact. *Cinkus*, 228 Ill. 2d at 210, 886 N.E.2d at 1018. Because an administrative agency's findings of fact are presumed true, "a reviewing court is limited to ascertaining whether such findings of fact are against the manifest weight of the evidence." *Cinkus*, 228 Ill. 2d at 210, 886 N.E.2d at 1018; see also 735 ILCS 5/3-110 (West 2008) ("The findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct."). "In contrast, an agency's decision on a question of law is not binding on a reviewing court," and we review such a decision *de novo*. *Cinkus*, 228 Ill. 2d at 210, 886 N.E.2d at 1018.

¶ 18        Mixed questions of law and fact "are questions in which the historical facts are admitted or established, the rule of law is undisputed, and the issue is *** whether the rule of law as applied to the established facts is or is not violated." (Internal quotation marks omitted.) *American Federation of State, County & Municipal Employees, Council 31 v. Illinois State Labor Relations Board, State Panel*, 216 Ill. 2d 569, 577, 839 N.E.2d 479, 485 (2005). Decisions of mixed questions of law and fact are reversible only if they are clearly erroneous. *Cinkus*, 228 Ill. 2d at 211, 886 N.E.2d at 1018. The clearly erroneous standard is "significantly deferential." *LeaderTreks, Inc. v. Department of Revenue*, 385 Ill. App. 3d 442, 446, 895 N.E.2d 683, 687 (2008); see also *Provena Covenant Medical Center v. Department*

*of Revenue*, 236 Ill. 2d 368, 387 n.9, 925 N.E.2d 1131, 1143 n.9 (2010) (courts accord deference to administrative decisions "in recognition of the fact that agencies make informed judgments on the issues based upon their experience and expertise and serve as an informed source for ascertaining the legislature's intent"). "A decision is clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *American Federation of State, County & Municipal Employees*, 216 Ill. 2d at 577-78, 839 N.E.2d at 485. The case before us presents a mixed question of law and fact.

¶ 19 Plaintiff claims Reidy violated the eavesdropping statute by using the employer-owned mobile data terminal, and the software thereon, as an eavesdropping device to "secretly monitor" pornography viewing by plaintiff. Under the terms of the eavesdropping statute, in order for a communication to constitute a protected "electronic communication," both the sending and receiving parties must intend it to be private under circumstances justifying such expectation. 720 ILCS 5/14-1(e) (West 2008). Further, an individual can "impliedly consent" to the monitoring of his communications for purposes of the eavesdropping statute. *People v. Ceja*, 204 Ill. 2d 332, 347, 789 N.E.2d 1228, 1239 (2003)." The circumstances relevant to an implication of consent will vary from case to case, but will ordinarily include language or acts that tend to prove that a party knows of, or assents to, encroachments on the routine expectation that [communications] are private." *Ceja*, 204 Ill. 2d at 350, 789 N.E.2d at 1241.

¶ 20 Nothing in the record before this court suggests the "sending *** parties" of the various pornographic images intended to keep them private; thus, the images were not electronic communications according to the statute. Because they were not electronic communications, plaintiff's claimed error is without merit.

¶ 21 Moreover, a Clinton Police Department Policy and Procedures Manual (Manual) dictated the mobile data terminals were to be used for law-enforcement purposes only, and, further, that officers would not use the mobile data terminals in any manner that would tend to discredit the police department. The Manual disclosed messages sent on the mobile data terminal were "retrievable." Because plaintiff was aware of the terms of the Manual, he did not have a reasonable expectation of privacy in his communications after the Manual went into effect. As the Board noted in its decision, plaintiff had no reasonable expectation of privacy or confidentiality with regard to his use of city-owned computers during the performance of his official duties.

¶ 22 Applying the above interpretation of eavesdropping, we find no violation of the eavesdropping statute occurred when Reidy monitored pornography viewed by plaintiff on the employer-owned mobile data terminal. Plaintiff makes no argument regarding the correctness of the Board's decision in the event this court rules the admission of evidence was proper.

¶ 23                                   III. CONCLUSION

¶ 24 For the reasons stated, we affirm the Board's decision to admit the evidence concerning the pornography. The evidence presented overwhelmingly supported the Board's decision to discharge plaintiff.

¶ 25    Affirmed.