2026 IL App (2d) 250200-U
No. 2-25-0200
Order filed March 3, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

SHANDA WILLIAMS, Plaintiff-Appellant,

v. KING DRIVE LIMITED PARTNERSHIP and ULINE, INC., Defendants

(Air Comfort LLC, Defendant-Appellee).

Appeal from the Circuit Court of Lake County.
Honorable Charles W. Smith, Judge, Presiding.
No. 24-LA-379

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Jorgensen and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court properly dismissed plaintiff's amended complaint as untimely because it was not filed within two years of the applicable limitations period. Plaintiff's filing of the motion for leave to amend the complaint to add a new defendant five days prior to the expiration of the limitations period did not toll the limitations period where the hearing on the motion took place after the limitations period expired, plaintiff failed to give notice of the motion to the newly added defendant within the limitations period, the newly added defendant did not otherwise have notice of the motion, and the newly added defendant was not served with the amended complaint until almost seven weeks after the limitations period expired. Plaintiff forfeited on appeal any argument as to equitable tolling of the limitations period and the applicability of the relation-back doctrine.

¶ 2    Plaintiff, Shanda Williams, appeals an order of the circuit court of Lake County granting

the motion of defendant, Air Comfort LLC (Air Comfort), to dismiss plaintiff's personal injury

complaint as untimely under section 2-619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(5) (West 2022)). For the reasons that follow, we affirm.

¶ 3                              I. BACKGROUND

¶ 4     On May 28, 2024, plaintiff filed a 16-count complaint against defendants, King Drive Limited Partnership (King Drive) and Uline, Inc. (Uline), and six additional parties (who were later voluntarily dismissed), for injuries sustained by plaintiff on July 17, 2022, at property located in Waukegan. Two counts were alleged per defendant—ordinary negligence and *res ipsa loquitur*.

¶ 5     On July 12, 2024, five days before the expiration of the limitations period, plaintiff filed a motion for leave to file an amended complaint to add Air Comfort as a defendant. Plaintiff attached to the motion a copy of the newly proposed "Complaint at Law," which added to the original complaint two counts against Air Comfort—count XVII, alleging ordinary negligence, and count XVIII, alleging *res ipsa loquitor*. A hearing on the motion for leave was set for July 31, 2024. Plaintiff served notice of the motion's filing and the hearing date on the eight defendants named in the original complaint; plaintiff did not serve notice on Air Comfort.

¶ 6     On August 1, 2024, the trial court granted plaintiff "leave to amend the complaint to add Air Comfort *** as an additional defendant within 14 days." (The court also voluntarily dismissed, without prejudice, six of the originally-named defendants.)

¶ 7     On August 6, 2024, plaintiff filed a "First Amended Complaint at Law," which now named as defendants only King Drive, Uline, and Air Comfort and contained only six counts (two against each defendant, as in the initial complaint). That same day, plaintiff also filed a certificate of mailing, indicating that she served the amended complaint on the attorney for each defendant.

¶ 8     On August 26, 2024, plaintiff filed a motion for the appointment of a special process server to serve Air Comfort, indicating that the Cook County Sheriff had attempted, but did not effect,

service on Air Comfort. On August 28, 2024, the trial court granted the motion. On September 3, 2024, an alias summons and the amended complaint were served on Air Comfort.

¶ 9     On October 3, 2024, Air Comfort filed a motion to dismiss the amended complaint as untimely under section 2-619(a)(5) of the Code (*id.*). Air Comfort argued that, because the injury occurred on July 17, 2022, plaintiff had until July 17, 2024, two years after the occurrence, to file her complaint. Thus, according to Air Comfort, because plaintiff filed the amended complaint on August 6, 2024, it was untimely.

¶ 10    On November 4, 2024, plaintiff filed her response. Plaintiff contended that, under the relation-back doctrine set forth at section 2-616(d) of the Code (*id.* § 2-616(d)), the amended complaint adding Air Comfort was timely because it related back to the filing date of the original timely-filed complaint. Alternatively, plaintiff contended that the amended complaint was timely because she filed the motion for leave to amend the complaint, with the proposed amended complaint attached, on July 12, 2024, five days before the statute of limitations expired.

¶ 11    On December 4, 2024, Air Comfort filed its reply. Air Comfort argued that the relation-back doctrine did not apply because plaintiff could not establish all three statutory requirements. See *id.* In particular, Air Comfort argued that plaintiff could not establish the second statutory requirement, which requires that:

> "(2) the person, within the time that the action might have been brought or the right asserted against him or her plus the time for service permitted under Supreme Court Rule 103(b) [(eff. July 1, 2007)], received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense on the merits and *knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her*." (Emphasis added.) *Id.* § 2-616(d)(2).

Air Comfort did not reply to plaintiff's alternative contention that the amended complaint was timely because plaintiff filed her motion for leave to amend, along with the amended complaint, within the limitations period

¶ 12    A hearing took place on December 19, 2024. The trial court focused its inquiry on whether Air Comfort knew or should have known about the pendency of the cause of action prior to the expiration of the statute of limitations. Plaintiff argued that Air Comfort had constructive notice via a certain "management agreement with the other codefendants" requiring maintenance of the area where the injury occurred and codefendants' act of subcontracting Air Comfort to conduct "a quarterly inspection." Air Comfort responded: "[F]rom an objective standpoint, that management agreement to which [Air Comfort] was not a party would not provide [Air Comfort] with notice, actual or constructive, that it should have been brought into this lawsuit." The court agreed that the amended complaint was not timely filed and granted Air Comfort's motion to dismiss. In addition, the court found no just reason to delay enforcement or appeal of the order. The court asked the parties to "[g]et [it] an order today." A written order was entered on December 30, 2024.

¶ 13    On January 27, 2025, plaintiff moved for reconsideration. Plaintiff argued that the trial court erred by not considering that she filed her motion for leave to amend the complaint before the limitations period expired but was given a hearing date for a date after the limitations period had expired. She argued further that the relation-back doctrine applied because she made reasonable attempts to determine the responsible parties.

¶ 14    Air Comfort responded that plaintiff failed to meet the standard required for a motion for reconsideration. Further, Air Comfort reiterated its argument that the relation-back doctrine was inapplicable.

¶ 15    In reply, plaintiff contended that she met each statutory requirement for the application of the relation-back doctrine. Noting that Air Comfort did not dispute the first and third requirements, plaintiff argued, as she did at the hearing, that Air Comfort had notice of the action and that it would have been named but for a mistake in identity.

¶ 16    On April 15, 2025, the trial court denied plaintiff's motion for reconsideration. The court stated:

> "In reviewing this matter the court is most interested in what knowledge [Air Comfort] had as to the pendency of this claim prior to being served. Plaintiff asserts *** Air Comfort was aware of the nature of [p]laintiff's suit and that it might be liable for [p]laintiff's injuries within the time frame of the [s]tatute of [l]imitations and that Air Comfort knew or should have known that but for the mistaken identity as to [Air Comfort's] name it would have [been] served within the [s]tatute of [l]imitations. The plaintiff makes various allegations as to Air Comfort's knowledge about this case prior to the expiration of the [s]tatute of [l]imitations; however, these allegations seem to all be based upon *** U Line[']s knowledge and that U Line[']s knowledge is somehow imputed to *** Air Comfort. In reviewing the pleadings regarding the motion to reconsider this court cannot find documents that would support [p]laintiff's contention that U line[']s knowledge of this suit became Air Comfort's knowledge. U Line hired Air Comfort to do maintenance work pursuant to a 'management agreement', count XVII [p]aragraph 134 of the pleading filed August 6, 2024, this language seems to create a vendor/vendee relationship between U Line and Air Comfort; but that[ ] does not make U Line an agent for Air Comfort. No copy of the 'management agreement' was supplied to the court.

At page 4 of her reply brief[,] *** [p]laintiff boldly asserts that Air Comfort 'had constructive notice of the lawsuit and should have known that it was an intended party' and 'Moreover, [Air Comfort] received actual notice of [p]laintiff's motion to amend five days before the statute of limitations expired further demonstrating that it was not unfairly surprised by its inclusion in the lawsuit.' These statements caused the court to check the service list on the July 12, 2024, notice of motion to amend the complaint, Exhibit D to [p]laintiff's motion, attached. Contrary to [p]laintiff[']s assertion[,] there is no notice to Air Comfort. There is nothing in the record to support the claim that notice to U Line was, in fact, notice to Air Comfort. This court would have been inclined to grant [p]laintiff's [*sic*] under 735 ILCS 5/2-616 (d) had the notice of motion actually gone to Air Comfort. Absent such proof the court concludes that its original ruling was correct and denies the motion to reconsider."

¶ 17    This timely appeal followed.

¶ 18                                    II. ANALYSIS

¶ 19    Plaintiff contends that the trial court erred in dismissing her amended complaint as untimely, because she filed her motion for leave to amend, along with a proposed amended complaint, five days before the statute of limitations expired. Plaintiff contends further that, even if the amended complaint was untimely filed, the statute of limitations should be equitably tolled due to extraordinary circumstances, *i.e.*, the circuit court clerk's act of setting the hearing on the motion to amend on a date after the time for filing had expired. Plaintiff makes no argument that the court erred in determining that plaintiff failed to meet the statutory requirements for application of the relation-back doctrine. (According to plaintiff, because the motion was timely filed, the relation-back doctrine is irrelevant.)

¶ 20    In response, Air Comfort contends that the amended complaint was properly dismissed as untimely because it was not filed within the applicable two-year statute of limitations. Further, Air Comfort contends that plaintiff has forfeited her equitable tolling argument because she failed to raise it below. Forfeiture aside, Air Comfort contends that equitable tolling does not apply here. (Air Comfort, like plaintiff, does not address the applicability of the relation-back doctrine.)

¶ 21    "The purpose of a section 2-619 motion to dismiss is to dispose of issues of law and easily proved issues of fact at the outset of litigation." (Internal quotation marks omitted.) *Strauss v. City of Chicago*, 2022 IL 127149, ¶ 54. Section 2-619(a)(5) of the Code provides for the involuntary dismissal of an action when it "was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2022). Personal injury actions, like the one here, must be filed "within 2 years next after the cause of action accrued." *Id.* § 13-202.

¶ 22    "When deciding a motion based on section 2-619 of the Code, a court accepts all well-pleaded facts in the complaint as true and will grant the motion when it appears that no set of facts can be proved that would allow the plaintiff to recover." *Lawler v. University of Chicago Medical Center*, 2017 IL 120745, ¶ 11. Pleadings and supporting documents should be construed "in the light most favorable to the nonmoving party." *Dawkins v. Fitness International, LLC*, 2022 IL 127561, ¶ 24. An order granting a section 2-619 motion to dismiss is subject to *de novo* review. *Lawler*, 2017 IL 120745, ¶ 11.

¶ 23    We first consider plaintiff's argument that the amended complaint was timely filed, where she filed her motion for leave to amend the complaint, with the amended complaint attached, five days before the limitations period expired. In support, plaintiff cites a single case—*Fischer v. Senior Living Properties, L.L.C.*, 329 Ill. App. 3d 551 (2002). Although not cited by plaintiff, we

also find instructive *Hurst v. Board of Fire and Police Comm'n*, 2011 IL App (4th) 100964. We address each case in turn.

¶ 24 In *Fischer*, on June 30, 2000, the plaintiff brought a wrongful death action against a health care facility (Senior Living). *Fischer*, 329 Ill. App. 3d at 552. The last day for filing an action was December 29, 2000. *Id.* On December 27, 2000, the plaintiff filed an amended complaint naming a hospital and a doctor as additional defendants. *Id.* The plaintiff's attorney personally delivered to the circuit clerk: "a certificate of service on Senior Living, a motion for leave to file the amended complaint *instanter*, a proposed order granting leave to file the amended complaint *instanter*, and summons accompanied by copies of the amended complaint." *Id.* at 552-53. The circuit clerk advised counsel that the proposed order "would be tendered to the judge that day as a routine matter unless [counsel] was informed otherwise." *Id.* at 553. The documents were file-stamped December 27, 2000, summons were issued, and the new defendants were served on January 3, 2001. *Id.* On January 30, 2001, one of the newly added defendants advised the plaintiff that the court file did not show entry of the order granting leave to file the amended complaint *instanter*. *Id.* Without objection, the court entered the order on February 13, 2001. *Id.* The newly added defendants moved to dismiss on the basis that the amended complaint was not timely filed. *Id.* The court granted the motion, and the plaintiff appealed. *Id.*

¶ 25 The Fourth District reversed. *Id.* at 559. The court first found that section 2-616 of the Code (735 ILCS 5/2-616 (West 2000)) did not require leave of court to bring an amended pleading:

"Section 2-616 of the Code, dealing with amendments 'introducing any party who ought to have been joined,' contains no specific requirement that leave of court be obtained. [Citation.] The section simply provides that '[a]t any time before final judgment amendments may be *allowed* on just and reasonable terms.' (Emphasis added.) [Citation.]

Perhaps the legislature could lay down an inflexible rule that no amendment adding parties could ever be effective without a signed order granting leave to amend. The very general language of section 2-616, however, does not establish such a rule. The provisions of section 2-616 requiring leave of court are directory, not mandatory." *Fischer*, 329 Ill. App. 3d at 554.

The court emphasized the "routine nature" of orders seeking leave to amend, noting that "there were ways defendants could have been added without requesting any leave of court," for instance, by filing a separate action and later moving to consolidate them. *Id.* at 557. The court also noted that the clerk placed the motion on the court's routine motion call and that the court ultimately granted the motion. *Id.* at 558. The court held "that the filing of an amended complaint where the judge has not signed the order granting leave is not *per se* inadequate." *Id.* at 556.

¶ 26     The reviewing court determined that it must consider whether there had been "substantial compliance" with the statutes governing amendment of pleadings by the plaintiff's attorney. *Id.* The court noted that, in so doing, it should "consider the object sought to be obtained and the evils intended to be remedied by these statutes." *Id.* And it noted that "[t]he purpose of a statute of limitations is to discourage the presentment of stale claims." *Id.* With that purpose in mind, the court emphasized the fact that "[the putative defendants] received their summons and copies of the amended complaint at the same time they would have received them if the order had been signed." *Id.* at 556-57. The court found that, as a result, the newly added defendants "were not unduly prejudiced by the [trial court's] failure to sign the order granting leave." *Id.* at 556. Thus, the court concluded that the plaintiff's failure to obtain the court's signature on the order granting leave to amend on December 27 was "a minor technicality," which "did not cause any delay." *Id.* at 558.

¶ 27    In dissent, Justice McCullough took issue with the majority's conclusion that obtaining leave of court was not necessary to file an amended complaint. *Id.* at 559-61 (McCullough, J., dissenting). He stated that "[a] plaintiff may not file an amended complaint adding new parties without leave of court, and doing so will not toll the statute of limitations against the new parties." *Id.* at 560. He also disagreed with the majority's suggestion that the granting of a motion for leave to amend was " 'ministerial.' " *Id.* He concluded that, under the facts presented, the filing of the amended complaint did not toll the statute of limitations. Nevertheless, he stated:

> "I would deem the statute of limitations tolled if, before the expiration of the limitations period, [the] plaintiff (1) obtained a hearing date for the motion to amend, even if that date was beyond the expiration of the limitations period; (2) filed his motion to amend accompanied by a copy of the proposed amended complaint; (3) provided notice to all parties already in the case of the motion and the hearing date; and (4) obtained an order allowing amendment on that hearing date or at the earliest convenience of the trial court. Merely placing the motion on file is not sufficient to toll the statute of limitations as that would allow a plaintiff to file a motion and do nothing for months to the prejudice of the persons sought to be added as defendants. I decline to condone the practice employed in this case." *Id.* at 561.

¶ 28    In *Hurst*, on January 30, 2009, the Clinton police chief filed written charges with Clinton's Board of the Fire and Police Commission (Board) against the plaintiff, a Clinton police officer, alleging that the plaintiff viewed pornography on an employer-owned device during work hours. *Hurst*, 2011 IL App (4th) 100964, ¶ 3. On May 15, 2009, the plaintiff filed a complaint against the Board and the police chief seeking a declaratory judgment that (1) evidence against him was unlawfully obtained and (2) the Board must conduct a fair and impartial hearing. *Id.* ¶ 4. Following

- 10 -

a hearing on the charges before the Board, the plaintiff was dismissed from his duties. *Id.* ¶ 5. The order was entered on October 13, 2009. *Id.* On October 20, 2009, the plaintiff filed (1) a motion for leave to file an amended complaint and (2) the amended complaint, which included a new count requesting administrative review of the Board's discharge order. *Id.* ¶ 6. The motion and amended complaint were mailed to counsel for the defendants on October 19, 2009. *Id.* The trial court granted the plaintiff's motion on December 16, 2009. *Id.* Each defendant filed a motion to dismiss the plaintiff's amended complaint based on, *inter alia*, the plaintiff's failure to timely seek administrative review. *Id.* ¶ 7. The trial court dismissed the plaintiff's amended complaint. *Id.*

¶ 29   On appeal, the Fourth District considered whether the count seeking administrative review was timely filed. *Id.* ¶¶ 13-14. The court noted that, to obtain review of the Board's decision, the plaintiff was required to file a complaint and issue summons " 'within 35 days from the date that a copy of the decision sought to be review was served upon the party affected by the decision.' " *Id.* ¶ 11 (quoting 735 ILCS 5/3-103 (West 2008)). The plaintiff filed his motion for leave to file an amended complaint and the amended complaint, which included a count seeking administrative review, on October 20, 2009, seven days after the Board's decision was issued. *Id.* ¶ 13. The defendants argued that, because the trial court did not grant leave to file the amended complaint until December 16, 2009, the count seeking administrative review was not timely. *Id.*

¶ 30   Relying on *Fischer*, the Fourth District disagreed. *Id.* ¶ 14. The court first noted that, based on *Fischer*, the filing of an amended complaint without leave did not, standing alone, support a statute of limitations defense. *Id.* Further, the court noted that, even the dissenting justice in *Fischer* would agree that the statute of limitations should be tolled under the circumstances presented because the plaintiff (1) filed his motion for leave along with the proposed amended complaint, (2) provided notice to the parties already in the case, (3) sought the circuit clerk's assistance to

advance the cause, and (4) obtained an order allowing the amendment at the earliest convenience of the court. *Id.* Thus, the court concluded: "Accordingly, [the] plaintiff's amended complaint, filed together with [the] plaintiff's motion for leave to file the amended complaint, was timely." *Id.*

¶ 31    Plaintiff argues that the amended complaint should not have been dismissed because, as in *Fischer*, "the clerk issuing a hearing date after the [s]tatute of [l]imitations had lapsed is a mere technicality." Plaintiff's argument overlooks a significant distinction between *Fischer* and the present case. Here, unlike in *Fisher*, plaintiff did not provide notice to Air Comfort when she filed her motion for leave to file an amended complaint adding Air Comfort as a defendant. The fact that the *Fischer* plaintiff had initiated notice to the putative defendants within the limitations period was critical to the court's finding. See *Fischer*, 329 Ill. App. 3d at 556-57. The *Fischer* court specifically noted that "[the putative defendants] received their summons and copies of the amended complaint at the same time they would have" had the court signed the motion for leave on the day it was filed, which was within the limitations period. *Id.* As a result, they "were not unduly prejudiced." *Id.* at 556. The same was true in *Hurst*. There, the motion for leave and the proposed amended complaint were mailed to and received by the defendants well within the limitations period. See *Hurst*, 2011 IL App (4th) 100964, ¶¶ 6, 11. Thus, in both cases, the fact that the motions were not granted until after the limitation periods had expired was of no consequence.

¶ 32    Here, no notice was given to Air Comfort until after the limitations period had expired. Indeed, despite being granted leave to file the amended complaint on August 1, 2024, plaintiff did not even actually file the amended complaint until August 6, 2024, almost three weeks after the statute of limitations expired. (We note, too, that it was not the same complaint as was attached to plaintiff's motion for leave because six of the originally named defendants had been voluntarily dismissed on August 1, 2024.) And although plaintiff filed a certificate of mailing along with the

amended complaint on August 6, 2024, indicating that she served the amended complaint on the attorney for each defendant, plaintiff did not actually obtain service on Air Comfort until September 3, 2024. Thus, Air Comfort did not have notice of the cause of action until almost seven weeks after the statute of limitations expired. Based on the foregoing, we find that the filing of the motion for leave to amend did not toll the limitations period and, as a result, plaintiff's amended complaint was not timely filed. To hold otherwise would run contrary to the purpose of a statute of limitations, *i.e.*, "to discourage the presentment of stale claims." See *Fischer*, 329 Ill. App. 3d at 556.

¶ 33     We recognize that plaintiff did all that dissenting Justice McCollough stated *should* be done to toll the statute of limitations in *Fischer*. She (1) filed her motion to amend, accompanied by a copy of the proposed amended complaint, on July 12, 2024, five days before the expiration of the limitations period; (2) obtained a hearing date of July 31, 2024, on the motion to amend, though that date was beyond the expiration of the limitations period; (3) provided notice of the motion and the hearing date to all parties already in the case (*i.e.*, the original eight defendants); and (4) obtained an order allowing amendment on August 1, 2024, the day after the hearing. However, as noted, plaintiff did not serve Air Comfort with notice of the motion for leave to amend and the proposed amended complaint before the expiration of the limitations period. To be sure, Illinois Supreme Court Rule 104(b) requires only that motions filed with the clerk be "*served on all parties who have appeared*." (Emphasis added.) Ill. S. Ct. R. 104(b) (eff. Jan. 1, 2019); see *Mejesky v. Cole*, 276 Ill. App. 3d 1061, 1064 (1995) (holding that a respondent in discovery need not be given notice of a motion to amend the complaint to add him or her as a defendant). Thus, plaintiff was not *technically* required to serve Air Comfort with notice of the motion for leave to amend.

However, under the circumstances presented here, for purposes of tolling the statute of limitations, her failure to do so renders her filing untimely.

¶ 34 Plaintiff contends that equitable tolling of the statute of limitations is warranted due to extraordinary circumstances, *i.e.*, the circuit court clerk's act of setting the hearing on the motion to amend on a date after the time for filing had expired. Air Comfort responds that plaintiff has forfeited this argument. We agree with Air Comfort. Plaintiff did not raise an equitable tolling argument below and thus has forfeited it. See *Vantage Hospitality Group, Inc. v. Q Ill Development, LLC*, 2016 IL App (4th) 160271, ¶ 49 ("[A] party who fails to make an argument in the trial court forfeits the opportunity to do so on appeal."); *Crichton v. Golden Rule Insurance Co.*, 358 Ill. App. 3d 1137, 1148 (2005) (an appellant may not seek reversal on a theory not raised in the trial court).

¶ 35 We note too that plaintiff has inexplicably forfeited any challenge to the trial court's ruling on the applicability of the relation-back doctrine by failing to argue it. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."); *Erickson v. Mitrione*, 2025 IL App (4th) 250297, ¶ 33. Plaintiff states simply: "This is not a relation-back issue." Air Comfort also does not address the issue. Accordingly, neither do we.

¶ 36                                      III. CONCLUSION

¶ 37 For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 38 Affirmed.